| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------<br>In re:<br><br>JONATHAN BAGWELL,<br><br>                   Debtor.<br>------------------------------------------------------------ | FOR PUBLICATION<br><br><br>Chapter 7<br><br>Case No. 24-11809 (DSJ) |

## BENCH DECISION[1] DIRECTING ENTRY OF ORDER OF AUTOMATIC DISMISSAL PURSUANT TO BANKRUPTCY CODE SECTION 521(i) AND DENYING TWO OTHER MOTIONS AS MOOT

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

### INTRODUCTION AND BACKGROUND

The individual debtor in this voluntary Chapter 7 case, Jonathan Bagwell, represented by counsel, filed his petition for relief on October 21, 2024. [ECF No. 1.] The petition was unaccompanied by schedules required by 11 U.S.C. § 521(a).

Consistent with this Court's usual case-administration practices and consistent with the requirements of § 521(i) of the Bankruptcy Code, on October 21, 2024, the Court issued a notice, [ECF No. 5], identifying deficiencies in debtor's submission including many missing schedules, with identified omissions including the required list of all creditors; Schedule A/B concerning property; Schedule D concerning secured creditors; Schedule I concerning income; Schedule J concerning expenses; and a statement of financial affairs. A week later, debtor did file Schedule E/F, listing creditors who have unsecured claims. [ECF No. 13.]

---

[1] This "Bench Decision" is a slightly more detailed written version of an oral decision that the Court might otherwise issue in the interest of prompt decision-making, which is needed here particularly given other pressing motions that this decision will moot. It is written less formally than my more traditional written decisions.

1

Due to the remaining deficiencies, the Court issued a November 14 notice that informed debtor that the case was put down for hearing on December 17, 2024, in contemplation of the case's automatic dismissal pursuant to § 521(i) for failure to file required schedules if the omissions were not cured by 45 days after the petition date, *i.e.*, by December 6, 2024. [ECF No. 17 ("[A] hearing will be held . . . on December 17, 2024 at 10:00 AM to consider dismissal of the above-captioned case, which is subject to the automatic dismissal provisions set forth in 11 U.S.C. 521(i). . . . [A]n individual debtor's chapter 7 or 13 case is subject to automatic dismissal if: 1) it is now 46 or more days since the debtor's case was commenced on October 21, 2024 by the filing of a voluntary petition; and 2) the debtor has failed to file one or more" of the documents required by § 521(a)(1).)]. Both notices were mailed to debtor personally at the home address stated on his petition, and to debtor's attorney electronically. [ECF No. 10, 18.] The December 17 hearing date was more than 45 days after the October 21 petition date.

Other than Schedule E/F, debtor did not file any of the missing schedules noted on the notice of deficiency and possible dismissal, either before or after the statutory deadline of December 6. Without the required but missing information, the Court could not generate proper notice of the case's filing, the Chapter 7 Trustee and other parties in interest could not identify or evaluate assets of the estate, the implementation of the automatic stay was jeopardized, and interested parties lacked critical information that they would need to evaluate their approach to the case.

Meanwhile, on November 25, 2024, just over one month after the petition date, counsel for debtor's landlord filed a "motion to confirm termination or absence of stay," [ECF No. 20], contending that although debtor made a one-month rent deposit, debtor failed to cure substantial

2

rent arrearages in the tens of thousands of dollars and the automatic stay therefore either was terminated by operation of law, or should be lifted.

A few days before the scheduled December 17 hearing, debtor's counsel of record sought issuance of an order to show cause seeking to compel debtor or any interested party to show cause why counsel should not be relieved. [ECF No. 25, 26 (supporting affidavit).] Among other things, that affidavit stated that debtor had failed to provide "relevant information" to counsel such as "documents, wage [] statements, [and] financial records." [ECF No. 26 ¶¶ 8, 19.]

On December 16, *i.e.*, the day before the December 17 hearing and more than 45 days after the petition date, a different attorney acting on behalf of debtor filed an opposition to the proposed automatic dismissal [ECF No. 28], contending that the debtor had dementia and that the Bankruptcy Code authorized the Court to excuse noncompliance with schedule-filing requirements where the deficiency was outside the control of the debtor.

The Court conducted the scheduled hearing on December 17. Debtor's original retained counsel appeared, contending that debtor was "a liar" (a characterization about which the Court makes no factual finding) and that debtor and his "power of attorney" family member repeatedly, and despite frequent requests from counsel, failed to provide information that was needed to complete the schedules. At the same time, new proposed counsel also appeared and urged that debtor's circumstances made his failures not within debtor's control, and, further, that for that reason dismissal was not required under the Code. When pressed about the seemingly mandatory and unqualified language of section 521(i)(1), debtor's new proposed counsel insisted that the Court had discretion not to impose the automatic dismissal called for by that provision if debtor's failure to file schedules was due to reasons outside the debtor's control, namely here that debtor assertedly has dementia.

3

During the December 17 hearing, the Court observed that the authority cited by debtor's new proposed counsel arose in cases involving failures to satisfy the tax return-related requirements of section 521(e), a subsection whose text explicitly provides an exception for failures to provide returns for reasons outside the debtor's control. The Court further observed that section 521(i) lacks any comparable language, and instead states an absolute requirement, albeit subject to two explicit and limited exceptions further detailed below that are inapplicable to this case, that bankruptcy cases "shall" be "automatically dismissed" if schedules are not filed by the 45th day after the petition date.

Despite this plain language, debtor's counsel asked for the opportunity to make a further submission concerning the Court's asserted legal ability not to "automatically dismiss" the case, taking into account debtor's asserted extenuating circumstances. The Court allowed counsel until December 18 to file a supplemental pleading identifying any additional authority that counsel believed showed that compliance with the schedule-filing requirement could be excused notwithstanding the plain language of section 521(i)(1). Counsel filed such a letter late on December 17. [ECF No. 30.]

## DISCUSSION

Whether to dismiss this bankruptcy case is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the district court's standing order of reference of bankruptcy cases filed in this district. Venue is proper in this district. *See* 28 U.S.C. §§ 1408, 1409.

By way of overview, the Court is not persuaded by debtor's submission, and concludes that automatic dismissal is required here by the plain language of § 521(i). Assuming without deciding that courts may have authority to deviate from the statutory "automatic dismissal" in

4

some circumstances, as some courts have concluded, no such circumstances are present here. The Court therefore directs the issuance of an order "automatically dismissing" the case pursuant to §521(i). As a result, the Court denies as moot the motions of debtor's original counsel to withdraw and of debtor's landlord (East 124th LLC) for a determination that the automatic stay is terminated or lifted.

First, and most importantly, the plain language of section 521(i) expressly and without textual exception mandates automatic dismissal, "effective on the 46th day" after the petition date, if debtor fails to timely file schedules as required by section 521(a). 11 U.S.C. § 521(i)(1) ("[I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day" after the petition date.). Nothing in subsection (i) of section 521 expressly confers discretion to disregard the requirement of automatic dismissal after 45 days have passed if, for example, the debtor contends that for reasons beyond his or her control he or she was unable to timely supply the required information. *See id.* Rather, subsection (2) of section 521(i) simply notes that any party in interest "may request the court to enter an order dismissing the case"; subsection (3) grants the court discretion to extend the time for filing schedules up to a maximum of 45 additional days if such a request was made within the initial 45 days (as did not occur here) and "the court finds justification" for extending the time; and subsection (4) provides that, if a motion requesting relief is filed by the trustee before expiration of the case's first 45 days (no such motion was filed here), and after notice and a hearing, the court "may decline to dismiss the case" if "the debtor attempted in good faith to file all the information required . . . and . . . the best interests of

5

creditors would be served by administration of the case." *Id.* (no showing of creditor best interest has been made here).

By contrast, section 521(e), which led to the decisions on which debtor's initial opposition was based, and which provides for dismissal of cases where copies of tax returns have not been provided, includes express language saying that the required dismissal may be excused if the failure to provide tax returns was caused by reasons beyond the debtor's control. *See* 11 U.S.C. § 521(e)(2)(B). This language appears nowhere in section 521(i), and its application to dismissals thereunder thus appears foreclosed by the plain language of § 521(i). *See* 11 U.S.C. § 521(i).

Debtor's post-hearing submission argues that dismissal under section 521(i) nevertheless is neither truly "automatic," nor mandatory. [ECF No. 30.] His argument does not rely on analysis of the statutory text, and instead relies on three prior court decisions, each of which is inapposite and not a persuasive reason to excuse debtor's failure to file schedules or to decline to dismiss the case. Those decisions are *In re Acosta-Rivera*, 557 F.3d 8 (1st Cir. 2009); *In re Scotto*, No. 809-75956-REG, 2010 WL 1688743 (Bankr. E.D.N.Y. Apr. 26, 2010); and *In re DiManno*, No. 12-20229 ASD, 2012 WL 1309575 (Bankr. D. Conn. Apr. 16, 2012). Each case cited by debtor is discussed below.

First, in *In re Acosta Rivera*, the First Circuit did not question whether § 521(i) called for automatic dismissal of individual Chapter 7 or 13 cases in which the debtor failed to timely file schedules. *See* 557 F.3d 8, 10 (1st Cir. 2009). The case's holding simply was that the bankruptcy court "acted in consonance with the statutory scheme and within the realm of its discretion" by excusing a non-disclosure after the disclosure period had ended in the unusual circumstances of that case. *Id.* at 9. Specifically, the First Circuit held that the bankruptcy court had discretion not

6

to dismiss if circumstances warranted, which the bankruptcy court decision under review had found existed due to "facts peculiar to this case" where debtors had affirmatively moved to dismiss their own case, seemingly to try to escape the effect or enforcement of a settlement agreement to which they had previously agreed after having initially triggered application of the automatic stay to protect themselves from creditors. *Id.* at 11. The scenario before the court in *Acosta Rivera* thus presented considerations of abuse of the bankruptcy process which are not present here, where the debtor Mr. Bagwell commenced a case voluntarily, assumed the obligation to meet statutory requirements, was represented by counsel, and yet never filed the required information or schedules. *See id.* at 14. These present failures are the exact situation in which section 521(i)(1) mandates that the bankruptcy case "shall" be "automatically dismissed." 11 U.S.C. § 521(i)(1). Despite new proposed counsel's contention that the debtor suffers from dementia, debtor has shown no unusual circumstances comparable to the system-integrity concerns that led the court not to dismiss in *Acosta Rivera*. In fact, it is questionable whether debtor's failure to file schedules is even truly beyond his control or the control of his reported power-of-attorney. Rather, the case was voluntarily commenced, debtor reportedly has a relative acting via a power of attorney even if debtor himself is not fully competent, and debtor is represented by counsel who reports having made diligent but unsuccessful efforts to obtain required information from his client. The debtor thus has identified no circumstance that would tempt this Court to pursue the path of ignoring what appears to be an explicit, mandatory command within section 521(i)(1).

The Court does pause to comment on one observation in *Acosta Rivera*, namely, that "[t]ypically, dismissal under this provision takes place at the instance of a 'party in interest.'" 557 F.3d at 10. That observation is supported by a citation of section 521(i)(2), but that

subsection merely authorizes a party in interest to request such a dismissal, while not limiting the court's authority to notice and initiate an "automatic" dismissal process, as was done here. *See* 11 U.S.C. § 521(i)(2). This Court's procedures afford notice that more than satisfies the requirements of due process, and those procedures are consistent with the statutory mandate of automatic dismissal where debtor fails to meet the statutory command to timely provide information required to administer a given case. Nothing about § 521(i)(2) alters or purports to limit the plain meaning of § 521(i)(1), which requires that the case "shall be automatically dismissed" effective the 46th day if the required information is not provided by day 45. *See* 11 U.S.C. § 521(i)(1), (2). To read subsection (2) as requiring a motion by a party in interest would inject a needless and prejudicial hurdle to sound and efficient case administration, and would frustrate the express command of § 521(i)(1). This result could be especially problematic because, in many cases, no stakeholder will have economic incentive to retain counsel or make the effort to file a motion seeking dismissal. An evident beneficial effect of § 521(i)(1) as drafted is to avoid having inadequately supported cases languish open on courts' dockets and thwart creditors' rights when the debtor has failed to complete even the most rudimentary steps needed to facilitate case administration.

Nor does *In re Scotto* counsel otherwise. *See* No. 809-75956-REG, 2010 WL 1688743 (Bankr. E.D.N.Y. Apr. 26, 2010). That decision denied a debtor's motion to dismiss the debtor's own bankruptcy case where there were serious allegations of fraud and possible criminal activity associated with the case. *See id.* at *12-15. First, the decision in *In re Scotto* did not address the application of § 521(i), and instead addressed a dismissal motion brought under § 707(a). *See id.* at *2, 9. The decision thus does not directly speak to the requirements or effect of § 521(i). Moreover, the facts were materially distinguishable. In *Scotto*, the court explained that it had

8

significant concern about possible fraud and criminal activity, which led the court to conduct an evidentiary inquiry rather than unquestioningly dismiss the case at debtor's request. *See id.* at *12-14. Thus, *Scotto* neither addresses the statutory language that controls here, nor demonstrates that any circumstance present here might justify deviating from Congress's command that unsupported cases be automatically dismissed as of the case's 46th day.

Finally, *In re DiManno* also involved what the court called "an unusual procedural posture" in which a hearing for automatic dismissal was set, but, before the hearing date was reached, the debtor first filed a motion to dismiss, which was opposed, then engaged in more procedural maneuvering, and lastly, at the eventual hearing on automatic dismissal, argued that dismissal was mandatory. No. 12-20229 ASD, 2012 WL 1309575, at *1 (Bankr. D. Conn. Apr. 16, 2012). The court disagreed, noting that the court-issued notice of automatic dismissal in that case provided that "other prejudice [may be] imposed," and that the purpose of the automatic dismissal "was not . . . placing additional weapons in the hands of abusive debtors" as the court believed the debtor was attempting to do. *Id.* at *1-2. Nothing about *DiManno* calls into question that, absent unusual reasons to deviate, courts should and, in fact, must implement the plain command of § 521(i) to "automatically" dismiss cases where debtor fails to file required schedules. *Id.* And, again, in the case before me, unlike at least the debtors in *DiManno* and *Scotto*, the debtor is not attempting to game the system by insisting on a newly self-serving "automatic" dismissal in a way that threatens the integrity of the bankruptcy system or case-specific creditor interests. Rather, the debtor here is seeking an undeserved disregard for the express statutory command of § 521(i) in circumstances where acceding to debtor's wishes would prejudice creditors while potentially leaving the Court with an un-administrable case in the continuing absence of necessary information from the debtor. To put it mildly, then, the

9

debtor has made no showing that could justify deviating from the straightforward application of § 521(i)(1).

The Court does acknowledge that *DiManno*, consistent with *Acosta-Rivera*, comments that "ordinarily" dismissal pursuant to section 521(i)(1) is brought about by the filing of a motion for dismissal (citing section 707(a)(3)). 2012 WL 1309575, at *2. As noted above, however, there is nothing about § 521(i)(1) or (2) or any other subsection of § 521(i) that requires such a motion by a stakeholder or the United States Trustee, and this Court's routine practice is to *sua sponte* issue and serve debtors with timely notice of a hearing regarding such dismissal if the required schedules are not timely filed. Here, such notice went by mail to the debtor personally, and electronically to debtor's counsel, on both October 21 and November 14. The November 14 hearing notice, which served as a reminder, was 24 days after the petition date—enough time to allow debtor three weeks to cure the noticed schedule deficiencies and more than a month before the hearing date. This timing protects debtors by giving them notice and an opportunity to cure relief-preclusive filing deficiencies, while also protecting all stakeholders and the Court from the harmful effects of stay-triggering yet unsupported cases that might otherwise languish. At a minimum, it is sufficient to note that other courts' description of an ordinary practice elsewhere of relying on stakeholders' motions to trigger review is not obligatory, and nothing about such a practice overrides the operation and enforcement of § 521(i) according to the procedures that this Court followed here. As a result, the Court will not disturb the ordinary and routine issuance of an automatic dismissal order due to debtor's failure to comply with the schedule filing requirements of section 521(a)(1).

## CONCLUSION

For the reasons stated above, debtor's opposition to the court-initiated automatic dismissal hearing is overruled, and the case will be automatically dismissed, to be effectuated by a separate order that the Court will generate and docket. The motions of debtor's counsel to withdraw and the motion of East 124th LLC to confirm termination or absence of stay are denied as moot. **IT IS SO ORDERED.**

Dated: New York, New York
      December 20, 2024

*s/ David S. Jones*
Honorable David S. Jones
United States Bankruptcy Judge